# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 03-4037-MWB |
| vs. | **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S *PRO SE* HABEAS CORPUS MOTION UNDER 28 U.S.C. § 2255** |
| SALVADOR HERNANDEZ, | |
| Defendant. | |

_____

**TABLE OF CONTENTS**

*I. BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges, Plea, And Sentences* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *C. The Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . . 6
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

This matter comes before the court pursuant to defendant Salvador Hernandez's September 7, 2004, *pro se* Habeas Corpus Motion Under 28 U.S.C. § 2255 (docket no.

39) (hereinafter Defendant's § 2255 Motion). Hernandez asserts that his trial counsel was ineffective in failing to file an appeal. The government disputes Hernandez's claim. The court held an evidentiary hearing on Hernandez's § 2255 Motion on August 23, 2007, and now enters this ruling on the merits of that Motion.

## I. BACKGROUND
### A. Charges, Plea, And Sentences

Defendant Salvador Hernandez was the sole defendant in a two-count Indictment (docket no. 7) handed down on April 16, 2003. More specifically, the Indictment charged Hernandez, in **Count 1**, with knowingly and intentionally distributing 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and, in **Count 2**, with knowingly using and carrying a firearm (identified as a .45 caliber semi-automatic pistol) during and in relation to a drug-trafficking offense, that is, the distribution offense in **Count 1**, in violation of 18 U.S.C. § 924(c).

On July 30, 2003, Hernandez pleaded guilty "straight up," *i.e.*, without a plea agreement, to both charges. *See* Minutes of Plea Hearing (docket no. 23); Report and Recommendation (docket no. 26); Order Accepting Report and Recommendation (docket no. 27). On October 31, 2003, the undersigned sentenced Hernandez to the mandatory minimum sentences on both offenses, 120 months on **Count 1**, and a consecutive term of 60 months on **Count 2**. *See* Minutes of Sentencing (docket no. 34); Judgment (docket no. 35). Hernandez did not appeal his convictions or sentences.

2

### *B. The § 2255 Motion*

On September 7, 2004, Hernandez filed his *pro se* Habeas Corpus Motion Under 28 U.S.C. § 2255 (docket no. 39), which is now before the court. Hernandez identifies the sole ground for § 2255 relief as "denial of right of appeal," supported by the following factual allegation:

> I instructed my counsel to appeal my conviction and sentence. Counsel promised she would but abandoned me after sentencing. This is a violation of my constitutional right to appeal and effective counsel.

Defendant's § 2255 Motion at 5. Hernandez's motion was not accompanied by any brief or other supporting documents. However, almost a year later, on July 12, 2005, Hernandez filed a *pro se* Motion For Production Of Transcripts At Government Expense (docket no. 40), which a magistrate judge denied the next day without prejudice to the filing of a new motion setting forth appropriate details and justification for the transcripts. *See* Order (docket no. 41). On July 25, 2005, Hernandez filed a *pro se* Motion For An Order Permitting Him To Copy P.S.I. [Pre-Sentence Investigation Report] (docket no. 42), which a magistrate judge also denied on July 29, 2005, but with a direction to the Clerk of Court to appoint counsel to assist Hernandez in obtaining copies of necessary transcripts and other documents and the filing of any appropriate motions. Order (docket no. 43). The magistrate judge then withdrew that order on August 4, 2005, finding that it would be appropriate to reconsider appointing counsel following initial review of Hernandez's § 2255 Motion. *See* Order (docket no. 44).

There, unfortunately, the matter languished for some time, owing to other matters on the court's crowded docket. Eventually, by initial review order dated April 25, 2007 (docket no. 49), the court directed the government to file a response to Hernandez's § 2255 Motion on or before May 30, 2007, and directed Hernandez to file any reply on

3

Case 5:03-cr-04037-MWB   Document 56   Filed 08/28/07   Page 3 of 14

or before June 15, 2007. The court did not appoint counsel to represent Hernandez on his § 2255 Motion, however.

After an extension of time to do so, the government filed its Court-Ordered Response To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (docket no. 51) on June 6, 2007, in which the government disputes Hernandez's claim. The government's Response is accompanied by an affidavit of Hernandez's trial counsel averring, in pertinent part, the following:

> 6. At sentencing, the judge imposed the minimum sentence possible, ten years on Count 1 and five [years] on Count 2. At the end of the hearing, the judge advised Mr. Hernandez of his appeal rights and the short time he had to decide. I recall he was happy he wasn't sentenced to something other than the minimum and thanked me. I believe we talked generally about his right to appeal after the hearing. Mr. Hernandez never asked me to file an appeal for him, either in person or by letter, or through an interpreter or family member. In fact, I didn't then and still don't believe we had any grounds to appeal.

Counsel's Affidavit (docket no. 51-2) ¶ 6. Hernandez filed no timely reply.

Finding that "the record does not clearly show that Hernandez is not entitled to relief [on his § 2255 Motion], and indeed, shows a classic factual and credibility dispute," by order dated July 18, 2007 (docket no. 52), the court set an evidentiary hearing on Hernandez's § 2255 Motion for August 1, 2007. That hearing was subsequently rescheduled to August 23, 2007. *See* Order of July 19, 2007 (docket no. 53). In the orders setting and resetting the evidentiary hearing, the court directed the government to secure the attendance, in person, of Hernandez's trial counsel at the evidentiary hearing.

4

### *C. The Evidentiary Hearing*

The court ultimately did hold the evidentiary hearing on Hernandez's § 2255 Motion on August 23, 2007. Defendant Hernandez appeared *pro se*, with the aid of an interpreter. Assistant United States Attorney Janet Petersen appeared on behalf of the plaintiff. Hernandez and his interpreter appeared by telephone, but Ms. Petersen and the government's witness, Teresa O'Brien, Hernandez's trial counsel, appeared in person. The court heard the testimony of Hernandez and Ms. O'Brien, and the government also entered as an exhibit the affidavit of Ms. O'Brien submitted with its response to Hernandez's § 2255 Motion.

Hernandez testified that he had never actually asked Ms. O'Brien to file a notice of appeal on his behalf, although he had left messages with a secretary in her office, who spoke Spanish "perfectly," indicating that he wanted Ms. O'Brien to file a notice of appeal. Hernandez did not, however, recall when, in relation to his sentencing hearing, he had left such messages.

In her testimony, Ms. O'Brien, Hernandez's trial counsel, first, reaffirmed all of the statements in the affidavit that she had submitted in support of the government's response to Hernandez's § 2255 Motion. She then testified, further, that Hernandez had been advised by the court of his right of appeal, but that he had not asked her to file a notice of appeal either at the conclusion of his sentencing hearing or thereafter. She also testified that she had not received any messages that Hernandez wanted her to file a notice of appeal. In addition, she testified that she had called the interpreter for Hernandez's sentencing hearing to ask if she had any recollection, but the interpreter had told her that she had no recollection whatsoever of the case. She testified, however, that the interpreter also said that she would have interrupted if Hernandez had told her that he wanted to appeal. Ms. O'Brien also testified that she had an associate in her office at the time who

5

was "dying" for federal court work, so that if Hernandez had indicated a desire to appeal, she was sure that her associate would gladly have undertaken any appeal.

The court asked Ms. O'Brien whether she believed that Hernandez had any appealable issues, recognizing that whether or not he did was not part of the standard for his § 2255 Motion. Ms. O'Brien testified that, in her opinion, based on the circumstances of his arrest in a parking lot with methamphetamine and a gun, he did not have any appealable issues, although she stated that she would have filed a notice of appeal anyway, if Hernandez had asked her to do so.

The court finds that Hernandez never asked Ms. O'Brien to file a notice of appeal and that he never manifested to her or anyone else at or after his sentencing that he wanted her to file a notice of appeal. The court also finds credible Ms. O'Brien's testimony that she never received any messages from Hernandez requesting that she file a notice of appeal on his behalf. The court also finds the record insufficient to support any finding that Hernandez ever left messages with anyone in Ms. O'Brien's office requesting that she file a notice of appeal on his behalf, but finds the record sufficient to support a finding that Ms. O'Brien would have filed a notice of appeal on Hernandez's behalf, if she had been asked to do so.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Section 2255 of Title 28 of the United States Code provides for post-conviction relief for federal prisoners, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or

6

> [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United*

7

*States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

A defendant may not seek § 2255 relief at any time. Rather, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, Title I, § 105, 110 Stat. 1220, established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

8

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(1)-(4). Thus, a defendant seeking relief pursuant to § 2255 must establish the timeliness of his or her motion and that the issues raised in his or her motion are not procedurally defaulted, as well as that he or she is entitled to relief on the merits.

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). In conrast, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Hernandez's § 2255 Motion.

### B. Ineffective Assistance Of Counsel

Hernandez seeks § 2255 relief based on alleged ineffective assistance of his trial counsel in failing to file a notice of appeal, as Hernandez claims he told his trial counsel—or more lately, told a secretary in his trial counsel's office—that he wanted her

9

to do.  The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. CONST. AMEND. VI.  Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).  By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States.  28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").  The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record.  *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").  Thus, whether or not Hernandez is ultimately entitled to relief on his § 2255 Motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claim.

As the Eighth Circuit Court of Appeals has explained, ordinarily, "'[t]he applicable law here is well-established:  post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'"  *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of

10

the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The standards are different, however, when a defendant asserts that his trial counsel was ineffective in failing to file a direct appeal. In situations where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or a showing of likelihood of success on appeal. *See Hollis v. United States,* 687 F.2d 257, 259 (8th Cir. 1982) (quoting *Robinson v. Wyrick,* 635 F.2d 757, 758 (8th Cir. 1981)); *see also Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (quoting *Estes*, *infra*); *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) (the failure of an attorney to file an appeal "after being instructed to do so . . . constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions); *Holloway v. United States,* 960 F.2d 1348, 1356-57 (8th Cir. 1992) (same); *Estes v. United States,* 883 F.2d 645, 648 (8th Cir. 1989) ("This Court has held that counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255."); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988) ("[D]eficient attorney performance in perfecting an appeal is prejudicial under the *Strickland v. Washington,* standard for determining ineffective assistance of counsel." (citation omitted)). Such a failure is considered to be prejudicial *per se*, so that the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal. *See Holloway,* 960 F.2d at 1357. Thus, if in fact Hernandez instructed his counsel to file an appeal, this court would be compelled to hold that the

11

failure of Hernandez's counsel to file an appeal constituted ineffective assistance of counsel. As the Eighth Circuit Court of Appeals has reiterated, however, "'[a] bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief [under § 2255], if evidence that the fact-finder finds to be more credible indicates the contrary proposition.'" *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting at *Barger*, 204 F.3d at 1182).

This court found above that Hernandez's counsel's testimony that Hernandez gave her no instructions to file an appeal was the more credible version of events. *Id.* Indeed, the court concludes that Hernandez did not, in any way, make evident or manifest that he wanted to appeal, and to the contrary, gave his counsel every indication of being satisfied, even happy, with the outcome of the case where he was only sentenced to the mandatory minimums. *See Yodprasit,* 294 F.3d at 969 (a defendant must make a desire to appeal "evident" to his attorney); *Barger*, 204 F.3d at 1182 (a defendant's "desire to appeal must be manifest"); *and compare United States v. Arvizu*, 270 F.3d 605, 606 (8th Cir. 2001) ("If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow 'express instructions with respect to an appeal.'") (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)).

Therefore, Hernandez's § 2255 Motion fails, because he cannot show that his trial counsel was ineffective in failing to file an appeal on his behalf, where the court finds that Hernandez did not instruct his counsel to file such an appeal or otherwise manifest any desire to appeal.

12

### *C. Certificate Of Appealability*

Denial of Hernandez's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim therein. Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> \* \* \*
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In light of the evidence that Hernandez never instructed his trial counsel to appeal his conviction or sentence, the court finds that Hernandez has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Hernandez's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Hernandez does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, defendant Salvador Hernandez's September 7, 2004, *pro se* Habeas Corpus Motion Under 28 U.S.C. § 2255 (docket no. 39) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 28th day of August, 2007.

*(signed)* Mark W. Bennett
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

14

Case 5:03-cr-04037-MWB   Document 56   Filed 08/28/07   Page 14 of 14